# EXHIBIT 1



**Service of Process Transmittal**
12/31/2018
CT Log Number 534658339

**TO:** Shelley Alleyne
Pricewaterhouse Coopers
PriceWaterhouse Coopers Center, 300 Madison Avenue
New York, NY 10017

**RE:** Process Served in South Carolina

**FOR:** PricewaterhouseCoopers LLP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shannon Ashford, Pltf. vs. Priccwaterhousecoopcrs, LLP, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Richland County Court of Common Pleas, SC
Case # 2018CP4006545 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 10/2015 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/31/2018 postmarked on 12/27/2018 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | J. Charles Ormond
301 Stoneridge Drive
Columbia, SC 29210
803-933-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/01/2019, Expected Purge Date: 01/06/2019
Image SOP
Email Notification, Patrice Edmonds  patrice.edmonds@us.pwc.com
Email Notification, IVAN P. STOLZE  ivan.p.stolze@us.pwc.com
Email Notification, Shelley Alleyne  shelley.alleyne@us.pwc.com |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 2 Office Park Court
Suite 103
Columbia, SC 29223 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / JB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# USPS CERTIFIED MAIL™

Ormond-Dunn Attorneys at Law
301 STONERIDGE DR
COLUMBIA SC 29210-8046

US POSTAGE AND FEES PAID
FIRST-CLASS
Dec 27 2018
Mailed from ZIP 29210
1 oz First-Class Mail Letter



071S00777793

**USPS CERTIFIED MAIL**



9407 1108 9876 5023 7503 74

Ct Corporation System
Registered Agent for Pricewaterhousecoopers, LLP
2 OFFICE PARK CT STE 103
COLUMBIA SC 29223-5948

ELECTRONICALLY FILED - 2018 Dec 14 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006545

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Shannon Ashford, ) | Civil Action No.: 2018 CP 40 _____ |
|     Plaintiff, ) | |
| ) | |
| vs. ) | SUMMONS & COMPLAINT |
| ) | (JURY TRIAL DEMANDED) |
| Pricewaterhousecoopers, LLP ) | |
|     Defendant/s. ) | |
| _____) | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber at his office at 301 STONERIDGE DRIVE, Columbia, South Carolina 29210 within 30 days after the service hereof, exclusive of the day of such service, and if you fail to answer within the prescribed time, a judgment by default will be rendered against you for the amount or other remedy requested in the attached Complaint plus interest and costs.

**Attorney for Plaintiff**
ORMOND - DUNN

                                                       *s/ J. Charles Ormond, Jr.*
                                                      J. Charles Ormond, Jr. /

301 Stoneridge Drive
Columbia, SC 29210
(803) 933-9000 / Fax: 803 828.7404

December 13, 2018

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Shannon Ashford, ) | Civil Action No.: 2018 CP 40 _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | (JURY TRIAL DEMANDED) |
| Pricewaterhousecoopers, LLP ) | |
| Defendant/s. ) | |
| _____ ) | |

Plaintiff, for her Complaint against Defendant, avers as follows:

## *INTRODUCTION*

1. This is a complaint authorized and instituted pursuant to the Federal Civil Rights Act of 1964, as amended (herein "Title VII"), 42 U. S. C. §2000 *et. seq.*.

## *PARTIES*

2. Plaintiff is a citizen of the United States and, at all times relevant herein, was a resident of the County of Richland, State of South Carolina.

3. Upon information and belief, Pricewaterhousecoopers, LLP. (Hereinafter PWC or Defendant or Employer) is a legal entity doing business in South Carolina organized in one of the United States.

4. Upon information and belief, Defendant employs/employed (during the relevant period) in excess of 500 employees.

## *JURISDICTION AND VENUE*

5. The unlawful conduct alleged in this Complaint was committed in Richland County, South Carolina.

6. Plaintiff has satisfied all agency, administrative and judicial prerequisites to the institution of this action.

7. Subject matter jurisdiction is proper in this Court under the following statutes: Section 15-7-

ELECTRONICALLY FILED - 2018 Dec 14 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006545

ELECTRONICALLY FILED - 2018 Dec 14 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006545

10 et seq. (As amended) the Code of Laws for South Carolina and relevant case law. 42 U. S. C. §2000 (e), *et. seq.* (5 USCA §706) and relevant case law.

## *FACTUAL BACKGROUND*

8. Plaintiff was hired by Defendant in or about April of 2015 in its only service delivery center located in the United Sates. Plaintiff worked hard and performed to or beyond the legitimate expectations of her employer, Defendant. Plaintiff was informed she was performing well during the first four or so months.

9. New manager/s were brought in during in or about the late summer of 2015. In or about October of 2015, because of disparate treatment after the change in management, Plaintiff informed management of her concerns about potential discrimination (racial) in the work place.

10. In 2016, she became eligible for but was denied a general promotion and other specific promotions where white employees with the same or lesser qualifications in the same or similar positions were given such promotions. She was further placed in a project known to be absent advancement opportunity.

11. Based on statements, demeanor of her supervisor and other observations, Plaintiff became further concerned that she was being treated differently and negatively by her immediate manager/s because of her race. Plaintiff brought her concerns about her failure to obtain any advancement to her managing director.

12. In January of 2017 Plaintiff met with another manager about the fact that she had not been promoted generally for a raise in salary and title and specific denied promotions. In March of 2017, Plaintiff applied for Senior Associate (Healthcare). Plaintiff was, upon information and believe the most qualified candidate by experience and education but she was not offered this position.

13. Plaintiff, unable to have her issues and concerns addressed, filed an EEO charge requesting an investigation based on racial and retaliatory discrimination in or about April of 2017.

14. Plaintiff continued to apply for positions/opportunity and promotions which would hopefully allow her to move up in the organization commensurate with other similarly situated

3

employees and was continually denied.

15. Further, upon her second anniversary and eligibility for general promotion, Plaintiff was denied such promotion and bonus and, upon information and belief, the non black employees on the project were given such promotion. During this period (early to mid 2017) Plaintiff again made her concerns known to human resources and other management that she was concerned her race might be a factor in the promotion decisions and was also concerned about the possibility of hostility for filing the charge. In such reports, she articulated the objective reasons for her concern to managers. In or about August of 2017, she filed an internal complaint stating the issues as set forth. Plaintiff filed another internal complaint in October of 2017 related to her concerns of discrimination. Such concerns were never adequately addressed.

16. Plaintiff was provided a final administrative determination related to her charge in or about September of 2017. In October 31, 2017 she retained an attorney to prepare a letter in hopes of resolving the worsening situation and a letter was written to Employer. She filed a lawsuit based on such charge in State Court in or about November 29, 2017. Defendant was made aware that the lawsuit was filed as the limitations period would have run at a later date.

17. Although by this time the work environment was very hostile, Plaintiff continued to work as hard and as diligently as she could.

18. In January of 2018, Plaintiff was called into human resources and informed that her manager/s determined she should be terminated.

**FOR A FIRST CAUSE OF ACTION/(VIOLATION OF 42 U. S. C. §2000e, /Retaliation)**

19. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth herein.
20. During all relevant times herein, Plaintiff and Defendant satisfied the Title VII definition of employee and employer.
21. Plaintiff reported to her employer on several occasions that she was concerned there was racial discrimination (racial bias or disparate treatment on that basis) to senior managers. No actions were taken and both specific and general promotions were denied her and given to lesser qualified white employees. Plaintiff filed a charge of discrimination in good faith and

ELECTRONICALLY FILED - 2018 Dec 14 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006545

ELECTRONICALLY FILED - 2018 Dec 14 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006545

then a lawsuit based on such charge. Within a month of learning of the lawsuit, Defendant terminated the employment of Plaintiff without nondiscriminatory cause.

22. Such reports relating to her concern of discrimination and bias and disparate treatment as well as her charge and lawsuit alleging discrimination were made in good faith using objective information and evidence. Plaintiff further subjectively believed that discrimination occurred against her in failing to promote in both specific opportunities and general promotions.

23. Defendant terminated Plaintiff because of her good faith complaints, inquiries, charges, grievances, and/or suits and claims. Such actions were protected activity under Title VII.

24. As a direct and proximate result of the termination and Defendant's reckless, willful and intentional acts of discriminatory treatment and retaliation, Plaintiff has experienced severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, increased medical expenses, past, present and future loss of income, and other economic and non-economic damages including direct and consequential damages.

25. Plaintiff has no plain, adequate or complete remedy at law to correct Defendant's unlawful discrimination and seeks injunctive relief as his only means of securing full relief from Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff requests that this Court:
A. Award Plaintiff backpay, with interest thereon, from the date of discharge until the Plaintiff is restored to a rightful position with commensurate wages and benefits;
B. Award Plaintiff compensatory and punitive damages in an amount to be determined by a jury, but not less than $300,000 pursuant to 42 U. S. C §1981a for Defendant's discriminatory conduct, race discrimination and retaliation, against her;
C. Permanently enjoin Defendant, their agents, officers and employees from engaging in all practices found by this Court to be in violation of 42 U. S. C. §2000e *et. seq.*;
D. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees, pursuant to 42 U. S. C. §1988 and 2000e-5 (k);
E. Award such other and further relief as this Court may deem just and proper.

ELECTRONICALLY FILED - 2018 Dec 14 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006545

**FOR A SECOND CAUSE OF ACTION/(VIOLATION OF 42 .S.C.§2000e: Race Discrimination)**

26. Plaintiff incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is an African American (Black American). At all relevant times herein, Plaintiff and Defendant satisfied the Title VII definition of employee and employer.

28. Plaintiff was treated by her manager/s in a disparate manner as opposed to similarly situated white employees. Plaintiff notified her employer of such disparate treatment.

29. Plaintiff was denied general and specific promotions, for which she was well qualified, without cause, and was terminated without cause upon information and believe, in whole or in causative part because she was African American.

30. Such actions are adverse employment actions and have directly and proximately caused damages recognized by the Act.

31. Plaintiff has no plain, adequate or complete remedy at law to correct Defendant's unlawful discrimination and seeks injunctive relief as his only means of securing full relief from Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff requests that this Court:
A.   Award Plaintiff backpay, with interest thereon, from the date of discharge until the Plaintiff is restored to a rightful position with commensurate wages and benefits;
B.   Award Plaintiff compensatory and punitive damages in an amount to be determined by a jury, but not less than $300,000 pursuant to 42 U. S. C §1981a for Defendant's discriminatory conduct, race discrimination and retaliation, against her;
C.   Permanently enjoin Defendant, their agents, officers and employees from engaging in all practices found by this Court to be in violation of 42 U. S. C. §2000e *et. seq.*;
D.   Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees, pursuant to 42 U. S. C. §1988 and 2000e-5 (k);
E.   Award such other and further relief as this Court may deem just and proper.

ELECTRONICALLY FILED - 2018 Dec 14 2:45 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4006545

**Attorney for Plaintiff**

December 13, 2018

Attorney for Plaintiff

*s/ J. Charles Ormond, Jr.*
J. Charles Ormond, Jr.: SC Bar #015185

ORMOND - DUNN
301 STONERIDGE DRIVE
COLUMBIA, SC 29210
803 933-9000 / chuck@ormonddunn.com

7