IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shannon Ashford,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PricewaterhouseCoopers, LLP,<br><br>　　　　Defendant. | C/A No. 3:19-cv-253-CMC<br><br>Opinion and Order<br>On Motion to Compel Arbitration<br>And Stay or Dismiss Action<br><br>ECF No. 17 |

Through this action, Plaintiff Shannon Ashford ("Ashford" or "Plaintiff") seeks recovery from PricewaterhouseCoopers, LLP ("PwC"), for alleged retaliation and race-based discrimination in employment.[1] The matter is before the court on PwC's Motion to Compel Arbitration and to dismiss for lack of personal jurisdiction. ECF No. 17 ("Motion to Compel").

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On June 19, 2020, the Magistrate Judge issued a Report recommending the Motion to Compel be granted and the proceedings dismissed. ECF No. 22. The Report also recommended the court retain jurisdiction over the parties for all matters relating to this action after arbitration, including enforcement of any judgment rendered in arbitration. *Id.* at 12. The Magistrate Judge advised the parties of the procedures and requirements

---

[1] Ashford filed a prior suit against PwC alleging claims under Title VII. See C/A No. 3:18-904-CMC-SVH. That case was sent to arbitration after the Fourth Circuit held the arbitration agreement entered into by the parties, also at issue in this case, required arbitration of Plaintiff's Title VII claims. *See Ashford v. PricewaterhouseCoopers, LLP*, 954 F.3d 678 (4th Cir. 2020) ("*Ashford I*"). Plaintiff, however, contends a factual distinction in this case means the instant claims are not subject to arbitration.

for filing objections to the Report and the serious consequences if they failed to do so. Ashford filed objections on June 22, 2020, and a supplement on July 6, 2020. ECF Nos. 24, 25. PwC filed a reply on July 6, 2020. ECF No. 26.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

The Magistrate Judge recommends granting PwC's Motion to Compel Arbitration because the Fourth Circuit in *Ashford I* determined it is only required that Plaintiff's employer, PwC, is no longer prohibited by federal law from mandating arbitration of Title VII claims due to the Franken Amendment. The Report determined, based on the Fourth Circuit's opinion, it is irrelevant whether PwC's subsidiaries or affiliates entered into contracts that would bar arbitration, and PwC itself had proffered evidence showing it had not entered into such a contract. Thus, Plaintiff's request for discovery on the issue of Department of Defense contracts with PwC's subsidiaries or

affiliates would not advance her case. Although Plaintiff purports to have found at least one contract with a PwC subsidiary that would be subject to the Franken Amendment, PwC produced evidence, undisputed by Plaintiff, showing the contract in question was awarded to a subsidiary, PwC was not a party to it, and the contract was for commercial items, to which the Franken Amendment does not apply. Finally, the Report determined the claims in the instant suit overlap substantially with the claims in the previous suit, and should be sent to arbitration in order to promote efficiency.

Plaintiff's Objections consist of two paragraphs, noting "there are questions as to whether Plaintiff's Employer was subject to the Franken Amendment during the relevant period, precluding the triggering language of the provision excluding Title VII from arbitration," and "Defendant has not proffered fully its knowledge of defense contracts of subsidiaries or related entities for which PwC may be an "employer" under Title VII and relevant case law." ECF No. 24. Therefore, Plaintiff requests to be allowed to conduct limited discovery before the Motion to Compel is decided. *Id.* A week later, Plaintiff filed two supplemental attachments to her Objections, a declaration and a spreadsheet containing Department of Defense contracts from 2014-2019, which she obtained via FOIA request. ECF No. 25. She again requests "limited discovery" prior to a decision on the Motion to Compel Arbitration. *Id.*

PwC replied to Plaintiff's objections, asking the court to adopt the Report as correctly reasoned, because PwC has not been a party to a contract subject to the Franken Amendment since Ashford was hired. ECF No. 26 at 1. It argues Plaintiff has not presented specific and particularized objections, and therefore de novo review is not required. It further contends the supplement at ECF No. 25 is untimely, should have been submitted to the Magistrate Judge for consideration, and regardless is of no help to Plaintiff as she is unable to point to any contracts on

3

the list she believes are subject to the Franken Amendment. *Id.* In closing, PwC argues it has produced uncontroverted evidence establishing it did not have contracts subject to the Franken Amendment since Ashford was hired and she has no basis for seeking discovery; therefore, the Motion to Compel Arbitration should be granted.

*I.     Analysis*

The court agrees with the Report's conclusions that the requested discovery is not appropriate and this matter is subject to arbitration. The Fourth Circuit opinion made clear the only relevant entity was Plaintiff's actual employer, PwC. *Ashford I*, 954 F.3d at 684 ("Ashford has sued PwC, her employer. Therefore, we need only determine if it is prohibited by federal law from mandating arbitration claims. Since, as set forth above, it no longer is, the Title VII exclusion does not apply."). Even if subsidiaries or affiliates had such contracts, including PwC Public Sector, whose employees "worked right along with" Plaintiff, this does not mean PwC was a party to any contract subject to the Franken Amendment. In fact, PwC has submitted declarations from Principals at PwC noting PwC has not been a party to any non-commercial contract with the Department of Defense in excess of $1 million executed on or after February 17, 2010. ECF No. 17-3, 17-4.

Although Plaintiff has filed a declaration stating there were "many Dept. of Defense contracts directly with PwC" when she was hired in 2015, she does not state whether these were non-commercial. ECF No. 25-1. She acknowledges "most" were with PwC Public Sector, but as noted above, she alleges PwC was her employer, not PwC Public Sector (and the Fourth Circuit has accepted that PwC, not any subsidiary, was her employer). Plaintiff has also filed a spreadsheet, obtained through a FOIA request, with contracts between Government agencies, such as the Department of Defense, and PwC. ECF No. 25-2. It not possible to discern from this

spreadsheet whether these contracts were with PwC subsidiaries or affiliates, or the subject of the contract. Plaintiff does not allege any of the contracts are actually subject to the Franken Amendment or with her employer, PwC, itself. Therefore, it appears to the court that under *Ashford I*, Plaintiff's claims regarding her termination are subject to arbitration, and additional discovery would not be fruitful. In addition, the claims are related to her previous claims, now in arbitration, and judicial efficiency would be served by considering all claims in the same proceeding.

## CONCLUSION

For the reasons set forth above, the court accepts the recommendation of the Report based on the reasoning therein. The court, therefore, finds Plaintiff is bound by the Arbitration Agreement. Defendant's Motion to Compel Arbitration is granted and this action is dismissed. Dismissal is without prejudice to Plaintiff's right to pursue her claims in arbitration.[2]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 13, 2020

---

[2] The court will retain jurisdiction over the parties for all matters relating to this action after arbitration, including enforcement of any arbitration judgment.